IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **INDEPENDENT FINANCIAL GROUP, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:24-CV-1307-L** |
| **JOSEPH HARRISON and RUTH ANN HARRISON,** | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

For the reasons herein explained, the court **denies** Independent Financial Group, LLC's ("IFG") Amended Motion for Judgment on the Pleadings ("Motion" or "Rule 12(c) Motion") (Doc. 32), filed September 24, 2024; **denies as moot** IFG's Motion to Stay Discovery Pending Resolution of The Rule 12(c) Motion ("Motion to Stay") (Doc. 38); and **denies as moot** Defendants' Motion to Compel Disclosure ("Motion to Compel") (Doc. 44), filed October 22, 2024.

**I.    IFG's Motion for Judgment on the Pleadings (Doc. 32)**

IFG moves for judgment on its pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Rule 12(c) Motion is opposed by Defendants Joseph Harrison and Ruth Ann Harrison ("Defendants" or "the Harrisons").

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote

omitted).  If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings."  *Id.*  (footnote omitted).  A "defendant may not move under Rule 12(c) prior to filing an answer."  *Id.* at 214.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."  *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted).  A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).  The

"[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way:

> A motion to dismiss for failure to state a claim concerns the formal sufficiency of the statement of the claim for relief, not a lawsuit's merits. So when reviewing such a motion, we assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff. The complaint survives if it contains sufficient factual matter . . . to state a claim to relief that is plausible on its face.

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (citations and quotation marks omitted). Accordingly, the denial of a 12(b)(6) motion has no bearing as to whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.

IFG filed its Rule 12(c) Motion approximately one month after Defendants filed their Answer in this case and IFG moved for a preliminary injunction. IFG brought this case against Defendants seeking a declaratory judgment and injunctive relief for the purpose of: (1) enjoining the arbitration brought by the Harrisons against IFG with the Financial Industry Regulatory Authority ("FINRA"); and (2) enjoining the Harrisons from arbitrating any claims they may have against IFG in connection with investments they made while customers of NPB Financial, LLC

("NPB") before IFG purchased certain assets of NPB pursuant to an Asset Purchase Agreement ("Agreement"). The declaratory and injunctive relief sought by IFG turns on its contention that the Harrisons' claims are not arbitrable under FINRA Rule 12200 because they do not have an arbitration agreement with IFG, and they do not qualify as customers of IFG or any associated person of IFG.

The court determines that judgment on the pleadings under Rule 12(c) is not appropriate in this case at this juncture for many of the same reasons and concerns discussed in the court's recent Memorandum Opinion and Order[*] denying IFG's request for a preliminary injunction. In sum, the court concluded that, even considering IFG's pleadings *and* the evidence it submitted in connection with that motion, IFG was not entitled to the injunctive relief sought or a determination that Defendants' claims are not arbitrable under FINRA Rule 12200. As this ruling goes to the heart of all relief (injunctive and declaratory) sought by IFG in this case, the court determines that its denial of IFG's requested preliminary injunction similarly precludes granting IFG's Rule 12(c) Motion under Rule 12(c), which is **denied** as premature.

## II.     IFG's Motion to Stay (Doc. 38)

After moving for judgment on the pleadings pursuant to Rule 12(c), IFG moved to stay discovery in this case pending resolution of its Rule 12(c) Motion. The court's denial of this Motion by IFG moots its Motion to Stay (Doc. 38), which is **denied as moot**.

## III.    Defendants' Motion to Compel (Doc. 44)

Defendants move to compel production of the Agreement executed by IFG and NPB on the ground that the terms of this Agreement are relevant to the issues the court must decide in

---

[*] For purposes of brevity, the court **incorporates by reference verbatim** the discussion and reasoning in its 29-page Memorandum Opinion and Order (Doc. 52).

ruling on IFG's Amended Motion for Preliminary Injunction. As the court has denied IFG's Amended Motion for Preliminary Injunction, the court **denies as moot** the Motion to Compel (Doc. 44).

### IV.   Conclusion

For the reasons stated, the court **denies** IFG's Rule 12(c) Motion (Doc. 32); and **denies as moot** IFG's Motion to Stay (Doc. 38) and Defendants' Motion to Compel (Doc. 44).

**It is so ordered** this 6th day of June, 2025.

Sam A. Lindsay
United States District Judge